UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH MICHAEL BOVA, JR., | : | 1:25-CV-00470 |
| | : | |
| Plaintiff, | : | (Magistrate Judge Schwab) |
| | : | |
| v. | : | |
| | : | |
| SOCIAL SECURITY | : | |
| COMMISSIONER, | : | |
| | : | |
| Defendant. | : | |
| | : | |

## MEMORANDUM OPINION

## I. Introduction.

This is a social security action brought under 42 U.S.C. § 405(g). Plaintiff
Joseph Micheal Bova, Jr. seeks judicial review of a decision of the Commissioner
of Social Security ("Commissioner") adjusting the amount of his supplemental
security income benefits. Because Bova has not exhausted administrative remedies
and obtained a final decision after a hearing, we will grant the Commissioner's
motion for summary judgment and dismiss the complaint without prejudice.

## II. Background and Procedural History.

Bova's complaint is unclear. *Doc. 1.* But from the documents that he has
submitted with his complaint, it appears that although Bova was granted
supplemental security income ("SSI"), he was later informed that he received an

overpayment of those benefits, and amounts were—and continue to be—withheld as repayment of the overpayment. *Doc. 2* at 1 (sealed).  Liberally construing Bova's complaint since he is proceeding pro se, we construe Bova as complaining about the determination that there was an overpayment and the withholding of some of his benefits to account for such overpayment.

Bova was granted leave to proceed *in forma pauperis*, and the complaint was served on the Commissioner. *Docs. 5*.  The parties then consented to proceed before a magistrate judge pursuant to 28 U.S.C. § 636(c), and the case was referred to the undersigned. *Doc. 15*.

The Commissioner filed a motion to dismiss the complaint under Fed. R. Civ. P. 12(b)(6). *Doc. 16*.  He also filed a brief in support of his motion to dismiss arguing that the court should dismiss the complaint because Bova has not exhausted administrative remedies and obtained a final decision after a hearing. *Doc. 17*.  The Commissioner attached to his brief a declaration from Janay Podraza, Chief of the Court Case Preparation and Review Branch 2 of the Office of Appellate Operations of the Social Security Administration. *Doc. 17-1* at 1–3.  In addition to attaching documents from Bova's social security file to his declaration, Podraza makes factual statements in his declaration. *Id*. at 1–37.  Bova subsequently filed documents and what we have construed as a brief in opposition to the motion to dismiss. *Docs. 19, 23, 24*.

2

Federal Rule of Civil Procedure 12(d) provides that "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56" and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).  Under this provision, if documents outside the pleadings are presented in connection with a 12(b)(6) motion to dismiss, the "Court has discretion to either convert the motion to dismiss into a motion for summary judgment, or to ignore the matters presented outside the pleadings and continue to treat the filing as a motion to dismiss." *Yuratovich v. U.S. Dept. of Just.,* No. CV 13-5651 (NLH), 2015 WL 8328328, at *3 (D.N.J. Dec. 8, 2015).

Here, the Commissioner relies on the Podraza declaration and attached documents.  The declaration and attached documents are integral to resolution of the Commissioner's motion.  Thus, by an Order dated September 15, 2025, we exercised our discretion to convert the motion to dismiss into a motion for summary judgment. *Doc. 25.*  And in accordance with Fed. R. Civ. P. 12(d), we notified the parties that we will treat the motion as a motion for summary judgment, that we will consider the documents submitted by the Commissioner, and that we will decide the motion under Fed. R. Civ. P. 56. *Id*. at 5, 7.  We also gave Bova a reasonable opportunity to present any pertinent summary judgment

materials in opposition to the motion. *Id*. at 7.  And given that Bova is proceeding

pro se, we attached to the September 15, 2025 Order a copy of Fed. R. Civ. P. 56.

*Id*. at 7–9.  We also notified Bova about Federal Rule of Civil Procedure 56(d) and

that under that rule, if a party "shows by affidavit or declaration that, for specified

reasons, it cannot present facts essential to justify its opposition, the court may"

defer ruling on the motion for summary judgment, deny the motion for summary

judgment, allow time to obtain affidavits or declarations or to take discovery, or

enter any other appropriate order. *Id*. at 5–6.

Although we gave Bova 21 days to file a brief in opposition to the motion

for summary judgment, he has not filed anything after our order converting the

Commissioner's motion to a motion for summary judgment.  Thus, this matter is

ripe for decision.

## III.  Summary Judgment Standards.

Federal Rules of Civil Procedure 56(a) provides that "[t]he court shall grant

summary judgment if the movant shows that there is no genuine dispute as to any

material fact and the movant is entitled to judgment as a matter of law." Fed. R.

Civ. P. 56(a).  "Through summary adjudication the court may dispose of those

claims that do not present a 'genuine dispute as to any material fact' and for which

a jury trial would be an empty and unnecessary formality." *Goudy-Bachman v.*

4

*U.S. Dept. of Health & Human Services*, 811 F. Supp. 2d 1086, 1091 (M.D. Pa. 2011) (quoting Fed. R. Civ. P. 56(a)).

The moving party bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  With respect to an issue on which the nonmoving party bears the burden of proof, the moving party may discharge that burden by "'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325.

Once the moving party has met its burden, the nonmoving party may not rest upon the mere allegations or denials of its pleading; rather, the nonmoving party must show a genuine dispute by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" or "showing that the materials cited do not establish the absence . . . of a genuine dispute." Fed. R. Civ. P. 56(c).  If the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden at trial," summary judgment is appropriate. *Celotex*, 477 U.S. at 322.

Summary judgment is also appropriate if the nonmoving party provides merely colorable, conclusory, or speculative evidence. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). There must be more than a scintilla of evidence supporting the nonmoving party and more than some metaphysical doubt as to the material facts. *Id.* at 252. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986).

The substantive law identifies which facts are material, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson,* 477 U.S. at 248. A dispute about a material fact is genuine only if there is a sufficient evidentiary basis that would allow a reasonable fact finder to return a verdict for the non-moving party. *Id.* at 248–49.

When "faced with a summary judgment motion, the court must view the facts 'in the light most favorable to the nonmoving party.'" *N.A.A.C.P. v. N. Hudson Reg'l Fire & Rescue*, 665 F.3d 464, 475 (3d Cir. 2011) (quoting *Scott v. Harris,* 550 U.S. 372, 380 (2007)). At the summary judgment stage, the judge's function is not to weigh the evidence or to determine the truth of the matter; rather it is to determine whether there is a genuine issue for trial. *Anderson,* 477 U.S. at

249.  The proper inquiry of the court "is the threshold inquiry of determining whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Id.* at 250.

Summary judgment is warranted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex,* 477 U.S. at 322.  "Under such circumstances, 'there can be no genuine issue as to any material fact, since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.'" *Anderson v. Consol. Rail Corp.*, 297 F.3d 242, 247 (3d Cir. 2002) (quoting *Celotex,* 477 U.S. at 323).  "[S]ummary judgment is essentially 'put up or shut up' time for the non-moving party: the non-moving party must rebut the motion with facts in the record and cannot rest solely on assertions made in the pleadings, legal memoranda, or oral argument." *Berckeley Inv. Group, Ltd. v. Colkitt*, 455 F.3d 195, 201 (3d Cir. 2006).

## IV.  The Material Facts.

The Commissioner has presented the Podraza declaration. *Doc. 17-1* at 1–3. In his declaration, Podraza makes factual statements.  Citing documents relevant to

Bova's claim for supplemental security income, Podraza sets forth the steps taken in connection with that claim. The documents and Podraza's declaration show the following, none of which Bova has disputed.

On September 22, 2022, Bova applied for supplemental security income benefits. *Doc. 17-1* ¶ 3(a). The state agency granted his claim. *Id.* On January 4, 2023, Bova was informed that he was overpaid $3,287.08 in supplemental security benefits, and he was later informed of an additional $530.00 overpayment. *Id.* ¶ 3(b). On July 19, 2023, Bova filed a request for reconsideration. *Id.* ¶ 3(c). But as of the date of Podraza's declaration, a hearing before an Administrative Law Judge had not been held, no decision by an Administrative Law Judge had been made, and there had been no action taken by the Appeals Council. *Id.* ¶ 3(d). Rather, on March 14, 2025, Bova filed the instant civil action. *Id.* ¶ 3(e).

## V. Discussion.

The Social Security Act provides, in relevant part: "Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow." 42 U.S.C. § 405(g); *see also* 42

8

U.S.C.A. § 1383(c)(3) ("The final determination of the Commissioner of Social Security after a hearing under paragraph (1) shall be subject to judicial review as provided in section 405(g) of this title to the same extent as the Commissioner's final determinations under section 405 of this title.").

42 U.S.C. § 405(g)'s provision for judicial review of "any final decision . . . made after a hearing" "contains two separate elements: first, a 'jurisdictional' requirement that claims be presented to the agency, and second, a 'waivable . . . requirement that the administrative remedies prescribed by the Secretary be exhausted.'" *Smith v. Berryhill*, 587 U.S. 471, 478 (2019) (quoting *Mathews v. Eldridge*, 424 U.S. 319, 328 (1976)). The jurisdictional presentment requirement is met where a claimant has filed an application for benefits with the Social Security Administration. *See Mathews v. Diaz*, 426 U.S. 67, 75 (1976) ("Although 42 U.S.C. § 405(g) establishes filing of an application as a nonwaivable condition of jurisdiction . . . Espinosa satisfied this condition while the case was pending in the District Court."). Here, the Commissioner asserts that Bova applied for and was granted benefits, and after he was informed of overpayments, he filed a motion for reconsideration. *Doc. 17* at 2. The Commissioner does not contend that Bova failed to present his claim to the Social Security Administration. Rather, the Commissioner contends that Bova failed to exhaust the later stages of the

administrative-remedy process. *Id*. at 2. 9, 10.  Thus, this case involves the non-

jurisdictional element of administrative exhaustion.

      To exhaust administrative remedies, social security "claimants must

generally proceed through a four-step process before they can obtain review from a

federal court":

> First, the claimant must seek an initial determination as to his
> eligibility.  Second, the claimant must seek reconsideration of
> the initial determination.  Third, the claimant must request a
> hearing, which is conducted by an ALJ.  Fourth, the claimant
> must seek review of the ALJ's decision by the Appeals Council.

*Smith*, 587 U.S. at 475–76.  Thus, "[t]o exhaust administrative remedies, a

claimant must seek review by an Administrative Law Judge (ALJ) and then the

Appeals Council." *Cope v. Soc. Sec. Admin.*, 532 F. App'x 58, 60 (3d Cir. 2013).

This administrative process applies to claimants challenging overpayment

decisions. *See, e.g.*, *English v. Soc. Sec. Admin.*, 705 F. App'x 116, 118 (3d Cir.

2017) (affirming district court decision that dismissed claim challenging

overpayment decision because the claimant failed to exhaust administrative

remedies).

      Here, is it undisputed that there has not been a decision by an ALJ or by the

Appeals Council.  Thus, Bova failed to exhaust administrative remedies.

      The Social Security Administration may the waive exhaustion requirement

in particular cases. *Weinberger v. Salfi*, 422 U.S. 749, 767 (1975).  But it has not

done so in this case, and the Commissioner moves for dismissal based on Bova's failure to exhaust.

In limited circumstances, the exhaustion requirement may also be "excused by the courts." *Smith*, 587 U.S. 478 (citing *Bowen v. City of New York*, 476 U.S. 467, 484 (1986), and *Mathews*, 424 U.S. at 330). There are three situations when the court may excuse exhaustion: "namely, when (1) '[t]he claims . . . are collateral to the claims for benefits'; (2) 'the claimants . . . would be irreparably injured were the exhaustion requirement . . . enforced against them'; and (3) '[t]he purposes of exhaustion would not be served by requiring' it, as exhaustion would be 'futile.'" *L.N.P. v. Kijakazi*, 64 F.4th 577, 584 (4th Cir. 2023) (quoting *Bowen*, 476 U.S. at 483–85). "Even so, the *Bowen* Court admonished that '[i]n the normal course,' exhaustion should not be excused." *Id*. (quoting *Bowen*, 476 U.S. at 484–85).

Here, Bova has not argued or shown that any of the bases for excusing exhaustion are applicable in this case. And it is not apparent that any of those situations apply. Accordingly, exhaustion of administrative remedies will not be excused in this case.

Because Bova failed to exhaust administrative remedies, the Commissioner has not waived the exhaustion requirement, and there is no basis to excuse exhaustion in this case, we will grant the Commissioner's motion for summary judgment and dismiss the complaint. The dismissal will be without prejudice to

Bova refiling a complaint if he exhausts administrative remedies. *See Nellom v. Comm'r of Soc. Sec.*, No. 23-3215, 2024 WL 3219700, at *1 (3d Cir. June 28, 2024) (affirming dismissal of social security complaint without prejudice for failure to exhaust administrative remedies); *Quigley v. O'Malley*, No. 24-1824, 2024 WL 3889621, at *3 (E.D. Pa. Aug. 21, 2024) (granting "the Commissioner's motion to dismiss the complaint without prejudice to allow for the Plaintiff to re-file a complaint in the event he exhausts all administrative remedies").

## VI.  Conclusion.

For the reasons discussed above, we will grant the Commissioner's motion for summary judgment and dismiss the complaint without prejudice based on Bova's failure to exhaust administrative remedies.  An appropriate order follows.

*S/Susan E. Schwab*
Susan E. Schwab
United States Magistrate Judge